Good morning. Can the attorneys on Knox v. CTA approach the podium and identify yourselves for the record, please? Good morning, Your Honor. Good morning. Attorney, hello. I have been on behalf of Plaintiff James Knox. Good morning. Rachel Kaplan on behalf of Defendant CTA. Good morning, Your Honor. Josiah Groff on behalf of Third Party Defendant, I'm not made a transit union under 241. With regard to the union, are you going to be arguing as well today? Yes, we'd like to take some time. How do you want to divide it? I think we'll split it evenly. So seven minutes, seven minutes? Seven and a half? Okay. All right, and Mr. Hampton, did you want to reserve time for rebuttal? Sure, Judge. Okay, how about two minutes, three minutes? That's fine. All right, great. Thank you. Mr. Hampton, you can proceed. Your Honor, if I may, I'd just like to rest on the briefs if the court has any questions. Yeah, I have a few questions. Okay. So, now, you never sued the union? No, that's correct. CTA brought the union in? Correct. At some point, the judge reconsidered her ruling and said that circuit court had no jurisdiction? That's right. Subject matter jurisdiction? Correct. Under Cessna and the earlier case from the First District? Foley. Foley. Okay. Now, the union is first arguing that Mr. Knox cannot yield a decision from the circuit court wherein it dismissed the CTA and then said the union's third party defending union was, they were dismissed as moot. Correct? Correct, Judge. So, how and under what authority can you, representing Knox, appeal a decision against a counter defendant that you never sued? Well, it was the union's motion to dismiss that led to the dismissal of Plano's amended complaint. No, I don't agree with you. I believe the circuit court said she was reconsidering, revisiting the CTA motion to dismiss for lack of subject matter jurisdiction. But, either way, let's assume, I think the union also argued this case should be dismissed for lack of subject matter jurisdiction. They made an identical argument that the CTA previously made, that the court, the trial court, wrote in favor of Plano that she did have subject matter jurisdiction. Right. So, the third party defendant was never sued by Knox? That's correct. So, how can you appeal from a dismissal of a party that you never sued? Knox sued CTA and we, the trial court wrote in favor of Knox. CTA then brought in the union as a third party defendant. The union then filed a motion to dismiss the same complaint that the CTA failed to dismiss. They brought a motion to dismiss that complaint again under identical arguments. That doesn't make you, somehow, a party suing them. I don't know what authority would allow you to appeal a decision against a party you didn't sue. We're appealing the decision of the trial court to dismiss the union of the trial court. In my opinion, the only party that could appeal that would be the CTA, not Mr. Knox. That's their argument. Right. Because then that would leave us with no option. We'd be stuck. No, you're appealing the decision that the court entered when it dismissed the CTA for lack of subject matter jurisdiction. Correct. Wasn't that what you put in your notice of appeal? Yes, that is what we're appealing. We're appealing the, that's correct. Why shouldn't we apply Foley, first district case? Why shouldn't we apply Cessna? Because of the ruling in Stolutek, I believe, which is the Illinois Supreme Court case, that conveys subject matter jurisdiction under these circumstances. Specifically, that language in that case, in the first district, an individual union member is entitled to judicial review of a grievance proceeding if he or she can show that the union's conduct in processing the grievance was arbitrary, discriminatory, and bad faith. Right, but you first have to prove that before you can go into the circuit court. Right, so, but if I'm not mistaken, that court, there was no, that court made that determination. That determination of whether the union breached that duty was made at the trial court level. There was no involvement of the Illinois Labor Relations Board in that case. So, they allowed that decision to be made at the trial court level. And in the Supreme Court case, the United States Supreme Court case, FACA, Sipes, again, that allows those determinations of whether a union breached its duty of fair representation, which would convey standing to the union employee. That U.S. Supreme Court case allows that decision to be made at the trial court level. So, despite Foley, which says that that decision has to go to the Illinois Relations Board, that is contradicted by an Illinois Supreme Court case and a United States Supreme Court case. Well, in the Stahula case, what the court said was that an individual employee represented by a union to seek judicial review of a grievance procedure, unless they prove, unless they prove that their union breached its duty of fair representation, it never even considered or determined where jurisdiction lies to make that determination. They never addressed Foley, they never addressed Cessna, which have concluded exclusive jurisdiction to consider that question lies with the board. And in Cessna and Foley, the court considered the U.S. Supreme Court case, which really goes to federal arbitration proceedings and under the federal law. This is a state case. It's a union employee working for the CTA. So, I mean, I think that the case, U.S. Supreme Court case, doesn't apply. You're talking about FACA? FACA, correct, Your Honor. And as well as Parks v. City of Evanston and Constantino v. Price, which both, again, allowed the question of whether a union breached its duty of fair representation. And those are all, though, before Foley and before Cessna, which were actually written by Justice Garment, who's sitting on the Illinois Supreme Court now. Correct. And as far as I know, those cases are still the law. And in those cases, that is what takes place. And, again, I go back to the Lutec case. No, I think the law now is actually Foley and Cessna. They were decided after all the cases that you cited. Well, the Lutec case, it's the most recent case, and it's an Illinois Supreme Court case. And it makes no mention of this question has to go to the Illinois Relations Court. No, but it never reached that. And it said that in order to get that review, it's not that you have to plead it, but you actually have to prove it before you can have that arbitration review. It's not a matter of simple pleading. It's a matter of having to prove it. Prove it. So the question is, how did you prove that the union arbitrarily acted in this case? Well, we would have proved that, but we didn't get to that question. Unfortunately, the judge reversed her. I think you have to prove it first in order to go into the circuit court. You have to prove it first. It's not like just pleading it. Well, I think that first we would plead it, and then we would prove it. Well, the Lutec case doesn't say plead. It says you have to prove it before you can contest an arbitration that resulted in it ruling against the union employee. The circumstances would have been where we pled that the union breached its duty of fair representation, and then we could have had an evidentiary hearing to determine that. And if that evidentiary hearing did not, if the trial court hearing the evidence said, I don't find that there was a breach of duty, then there's no standing. But if she did say, I do find there was a breach of duty, I now have standing, or the plaintiff now has standing, and the case may proceed, is how I would have envisioned and what the Stolulek case was talking about. Thank you, Mr. Hampton. Thank you. Ms. Kaplan. May I please the court, counsel? This court is exactly right. There is absolutely no subject matter jurisdiction over the CTA. Under Illinois law, a bargain floor employee cannot bring a direct action against his employer for a breach of contract claim unless he first proves that the union breached its duty of fair representation before the ILRB. It's absolutely clear that that did not happen here, and without such a finding, Knox is completely unable to proceed with his claim against the CTA. Knox was not a party to the CTA, so this is the only way that he can challenge such an award. Not only is there not a finding, an ILRB finding that the union breached its DFR, but in this case, Knox didn't even bring a claim before the Illinois Labor Relations Board. Cessna and Foley both clearly articulate the reasons why there has to be a finding first by the Illinois Labor Relations Board. If there wasn't such a finding, it would thwart the purpose of the Illinois Labor Relations Act, which gives the ILRB exclusive jurisdiction over collective bargain agreement matters. Also, the ILRB has specific expertise over labor matters and is charged by the legislature with developing a consistent body of labor law. Further, if the ILRB and the circuit court had concurrent jurisdiction over duty of fair representation claims, that would result in inconsistent verdicts and form shopping. And finally, I just would like to reiterate what this Court has already stated, which is that the cases that Knox has relied upon, Cosentino, Parks, and Baca, have all been either superseded by more recent case law or distinguished. And for those reasons, Knox's complaint lacks subject matter jurisdiction over the CTA and should be dismissed, and the circuit court's decision dismissing that complaint on that basis should be affirmed. Thank you. Thank you. Mr. Crow? Good morning, Your Honors. Josiah Groff here for the Magnet Transit Union. So I want to follow up on a number of the issues that other counsel have already raised this morning. I think we've talked about appellate jurisdiction. I think that's clear. I don't think I should even be here. But now that I am here, let me talk a bit about the merits. As long as you're here. Yeah. Go right ahead. Come on this way. All right. So I want to highlight. If there's no jurisdiction, then how could there be any merits? Well, you know, lawyers like to argue in the alternative. It's not jurisdiction. It's a question of standard. Yes. Well, that's my opinion. Stahuluk says, Stahuluk talks into it. Did you say jurisdiction or didn't you argue that there was a lack of standard? So here's, I think, the way that these cases fit together. Stahuluk says that without a finding that the union breaches the duty of fair representation, the employee cannot proceed in the circuit court. I'm not going back to the first issue. Your first argument was that because the CTA filed a third-party complaint against the union and the union was never a defendant vis-a-vis Knox, that, I mean, maybe you started with jurisdiction, but the basis of your argument really was standard. When the court dismissed the complaint, the third-party complaint, as moot, Knox has no standing to challenge an order that doesn't, he's not even a party. He's not, there's no controversy. The controversy was between you and the CTA when the CTA brought you in. Your first argument was jurisdiction, but when you actually got into it in your brief, it's really a standing issue. And the question is, does Knox really have any standing to challenge the dismissal as moot regarding the union? No, he doesn't. And that's really what your first argument is. Right, and thus this court has no jurisdiction. No, it's not jurisdiction. No, it's standing. Standing and jurisdiction are not the same. And the Supreme Court has already said that our jurisdiction is not related to whether or not a party has standing. It's an affirmative defense that can be waived, but you didn't waive it. Okay? But I don't agree that this is a jurisdiction matter. It's a standing issue. There has to be a controversy between Mr. Knox and the union, but he had to bring them in, and he didn't. Okay? Only the CTA brought in moot. And when the union was dismissed, that was not an order that affected him. I don't agree. I don't think he has standing in the first instance, but it's not a question that we like jurisdiction. At least that's not how I interpret it. Yeah, I would agree with that, Your Honor. If you want to argue the subject matter of jurisdiction, go ahead. I would like to talk a bit about Cosentino-Parks-Stuhulik. First, I want to say that the Cosentino-Parks cases, those aren't just superseded by later case law. They're overruled by the General Assembly because the General Assembly passed the Labor Act just shortly after the events in those cases occurred. I think some of the opinions are dated after the Labor Act, but they're based on events before the Labor Act. So for that additional reason that I wanted to highlight, those cases are no longer relevant. I think the way that Stuhulik works with the Foley and Cessna decisions is that Stuhulik says the employee needs to have a finding that the union breached its duty of fair representation. It seems proven, and the place to get that is the Labor Board. The Labor Board is created by the General Assembly to resolve these things. So I think that that's how these cases fit together. And, again, as it's been noted, it's undisputed that he didn't go to the Labor Board. I think there's some other distinctions with Stuhulik in this case. The union did take Mr. Knox's case to arbitration, and the union won. We got him his job back. We didn't get him back pay. That's what he's complaining about. He's not trying to get the award thrown out. That's what the employee in Stuhulik was trying to do. He was trying to vacate the award under the Uniform Arbitration Act. I assume Mr. Knox is happy that we got him his job back. He just wants some money, too. But if he's going to proceed under the Uniform Arbitration Act and argue that he has standing under that, he has to live with the other terms of that act, which include filing suit 90 days from the award. He didn't file suit for nine months. So I submit that that is another reason that this case is different than Stuhulik  I'd also like to address the standard for the DFR. We've talked about pleading and proving. This court confirmed the trial court on any reason appearing in the record, and we can see from the text of plaintiff's amended complaint that he has not alleged facts that the union did anything worse than make a mistake or make a bad tactical judgment in arbitration. I don't agree with Mr. Knox about the standard for the union's conduct. He says it's arbitrary, capricious, bad faith. I think the Labor Act is clear that it's intentional misconduct, which means the union has to be retaliating against him. But whatever standard you apply, all he's pleaded is that the union made a mistake, and a mistake is not enough to breach the duty of fair representation. The courts and the Labor Act and the Labor Board give the union broad discretion in how it makes choices about which cases to take to arbitration, how it proceeds to arbitration. And the union's decisions can't be judged later based on that somebody could have done a better job. As long as the union's proceeding in good faith and doing its best, that's enough. And whichever standard you apply, Mr. Knox has not pleaded the facts in his complaint otherwise. I do agree with the plaintiff on one thing, which is that he really shouldn't be suing the union. He didn't sue the union, and there was a good reason for that. The way that damages are apportioned when an employee claims that his employer fired him wrongly and his union didn't deal with it correctly, it is this way, and it's logical. From the point where he's fired to the point of the arbitration, the employer is responsible for that because they fired him, so he wasn't working during that time. From the point of the arbitration forward, the union's responsible for that because in some case, you know, imagining that the union had botched an arbitration, that would be where his damages arose because of the union's conduct. The employer and the union are not jointly and separately liable. And so I think for this additional reason, Knox is correct, and the CTA is wrong to bring us in. Knox, if he has damages, it's until the point of the arbitration award where the union got him his job back. After the arbitration award, he has no damages. He has his job back. So during the time period that the union is responsible for, there are no damages, and the union is not liable to Knox. There's no joint and several liability. And as I've cited cases in my brief addressing this system and addressing that unions and employers cannot bring each other in to share liability because of this division of time periods and respective liability rather than joint and several. Those are the points that I wanted to raise in addition to the points that the courts raised and the other parties opposed, if there's any questions. No. Thank you, Mr. Hanna. Mr. Hampton, any rebuttal? Just briefly. Just on the issue raised by counsel regarding intentional misconduct, I would set forth that the plaintiff did make those allegations. Specifically, plaintiff alleged that the union failed to raise the issue of back pay at the arbitration hearing despite being requested to do so by plaintiff before, during, and after arbitration. Well, how did the arbitrator then decide that you were entitled to back pay? They just said that. How do we know from this record that there wasn't a request for back pay? Well, in the decision by the arbitrator, there's no mention of that argument. There's no analysis of it. But he reaches that very issue. He just says it at the end that, and by the way, there's not going to be any back pay. So he deals substantially with why he's going to get his job back, and then at the end he says, and we're not going to give him back. And you say that's intentional conduct. And that a plaintiff asking his union rep to argue for the back pay. I mean, you know, represent me on the back pay issue, and they failed to do so. And then when he, after the award comes in to give him his job back in the diet of the back pay, he says, we have to appeal this so I can get my back pay, which the CBA calls for. If an employee is unjustly terminated and he gets his job back, he shall receive his back pay. He says, enforce the CBA. The union rep says, sorry, we're not going to do that. Seek private counsel. So, in effect, the union rep and the union is kind of doing a favor for the employer at that point. We'll get you your job, but we're not going to go after the money. So that's intentional misconduct on the part of the union. It's breaching his duty or breaching its duty to the employee who's paying for those services. He's paying the union to represent him, and they failed to do that, which is why I would then say that, you know, Stolutec probably contemplated that, that that is an issue that the trial court can decide whether those duties were breached. And so I think that Stolutec court did allow that for the trial court to make those determinations. Thank you, Mr. Hampton. Thank you. We'll take the matter under advisement and issue an order as soon as possible. Thank you. Order, Mr. Jarrett.